MAY 10, 1803.

# Willis A. Lee v. Vaughan and Gullion.

*Upon an appeal from a decree of the Court of Quarter Sessions of Franklin county.*

1. An answer which is evasive and fails to make explicit denial of charges of fraud contained in the bill, will be disregarded.

2. Where the vendors of a town lot represented it to the vendee as 199 feet deep, when, in fact, it was but 99 feet deep, and the vendee took it upon the faith of those representations, a judgment at law for the consideration will be enjoined, and the contract of sale canceled.

Lee v. Vaughan.

This appeal was taken by Lee at the dissolution of an injunction to stay proceedings on a judgment at law, obtained against him by Vaughan. Lee charges in his bill, that Gullion and Vaughan represented to him that Vaughn was the owner of one-half of an in-lot in the town of Frankfort, which Gullion offered to sell him; and that from their representations, believing that the ground contained one-half of a full lot of half an acre, he agreed to give five hundred dollars for it; and immediately paid Gullion a horse at two hundred dollars, and executed his bond for the payment of three hundred dollars to Vaughan, on or before the first day of January following; Vaughan also engaging that on that day he would make him a deed of conveyance for the half lot. And he further charges that Vaughan obtained the judgment now in question, on this bond, but refuses to convey the half-lot. Then after some interrogatories to Gullion, he calls upon Vaughan to say what quantity of ground he sold? Whether he did not make the representations which have been stated? If he did not, what representation did he make? &c.

Gullion in his answer confesses that he did sell to Lee a part of a lot in the town of Frankfort, of forty-nine feet in front and ninety-nine feet back; but denies that he made any representations from which Lee ought to conclude that it was one-half of a lot. This answer, however, is discredited by the depositions of three witnesses, who pointedly prove that Gullion confessed at different times that he sold Lee one-half of a lot; two of whom also heard him confess that the half lot was forty-nine feet in front and one hundred and ninety-nine feet back. From these depositions, it is evident that Lee was grossly deceived in the contract by Gullion. So that it only remains to be inquired whether Vaughan was privy to the fraud.

Vaughan, in his answer to this bill, in which he refers to a former answer and makes it a part of this answer, denies that he ever made any representation to Lee of the half lot, or that he ever agreed to make conveyance of a half lot, and says that the only contract he made respecting the sale of the lot, was with Gullion, by which Gullion was to receive his title from a certain Reuben Samuel, of whom he had purchased the half lot; and that he did not sell that piece of ground to Gullion, as absolutely and precisely the one-half of the lot which he had purchased of Samuel.

These answers are not contradicted in any part by positive testimony. But it ought to be observed, that they are, in several

instances, imperfect or evasive. The bill charges that Vaughan was present when the contract was made, and that he then received the bond for three hundred dollars. These charges he neither confesses nor denies; which it is conceived ought to be considered as a tacit admission of those facts; more especially as Lee made oath to the truth of the allegations of his bill. Moreover, Vaughan, in answer to a charge in the bill, denies that he ever heard Gullion tell Lee that the ground contained the full quantity of half a lot. But he has avoided to declare what representations he heard Gullion make to Lee when the contract was made. And it must be presumed that he was present, and that Lee did not enter into the contract without some representations of the ground having been made to him, and Vaughan having agreed to convey it to him accordingly. This omission is rendered the more remarkable, by his denial that he sold to Gullion that piece of ground, as absolutely and precisely the one-half of the lot he had purchased of Samuel. Both of the last-mentioned denials seem to be expressed in very guarded terms, and may be literally true, and yet it may be true that Gullion made a representation to Lee, and Vaughan to Gullion, which were nearly tantamount. Indeed, from repeated expressions in Vaughan's answer, it is highly probable that he, if not Gullion, had been in the habit of speaking concerning the ground sold to Lee as a half lot. The bill charges that the bond for three hundred dollars was given to Vaughan in part of the consideration for the half lot. Vaughan admits that he received Lee's bond for three hundred dollars, in discharge of that amount from Gullion; but he evades confessing that he knew for what cause it was given; or why Gullion directed, and he received a payment in that way. From these considerations, there seems to arise a strong presumption, that Vaughan was so far privy to the transaction as to know, before he accepted the bond, that Gullion had practiced an imposition in the case on Lee; and that Lee expected double the quantity of ground which Vaughan intended to convey, or cause to be conveyed to him. Therefore, it seems to this court, that it would have been more equitable had the court below decreed that the contract should have been dissolved, and the injunction have been made perpetual; more especially as Vaughan is still in possession of the ground, and can remain so until he shall receive the price for which he sold it. At least, this court is decided, that the injunction should have been continued until the final hearing of the cause, that the parties might have

had the opportunity, by further testimony and other exhibits, to elucidate a case in which there appeared strong symptoms either of fraud or mistake. Wherefore, it is decreed and ordered, that the said decree or order of the court of quarter sessions for the county of Franklin be reversed, and that the appellees do pay unto the appellant his costs in this behalf expended. And it is further decreed and ordered, that the suit be remanded to the Franklin circuit court, that it may be placed on the rule docket, and proceeded on as other suits in chancery; which is ordered to be certified to the said court.